IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

PLAYBOY ENTERPRISES
INTERNATIONAL, INC.,

          Plaintiff,

v.

PLAYBOY ENTERPRISES, INC., et al..

          Defendant.

Civil Action No. 21-cv-6419 (VM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/13/2021

## ORDER GRANTING PRELIMINARY INJUNCTION

Plaintiff Playboy Enterprises International, Inc. ("Playboy") filed a complaint to stop the Defendants from misusing the contents of Playboy's Website[1], counterfeiting the Playboy trademarks and PLAYBOY© Copyrights, forging documents and registering fraudulent entities in furtherance of their unlawful acts. Playboy filed its complaint under: (1) the Lanham Act (15 U.S.C. §§ 1114, 1125(a), 1116) (Counts I and III); (2) the Copyright Act (17 U.S.C. 101, et seq. 502) (Count II), and (3) trademark and unfair competition under New York common law (Count IV). Simultaneously, Playboy moved, under seal, for emergency *ex parte* relief, which was granted by the Court on July 29, 2021 [Dkt. 18]. The Court then held a hearing on August 12, 2021 pursuant to its order to show cause regarding Playboy's request for a preliminary injunction.

Upon Playboy's Complaint and its accompanying exhibits, the Declarations of Jennifer McCarthy, John Hood, and Marcella Ballard and their accompanying exhibits, the hearing held

---

[1] All undefined terms have the meanings as described in Playboy's Complaint [Dkt. 7].

on August 12, 2021, and all other documents submitted in this action, the Court hereby **GRANTS** Playboy's request for a preliminary injunction and confirms the seizure order as follows:

**THE COURT HEREBY FINDS THAT:**

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction over Playboy's claims under 28 U.S.C. §§ 1331 & 1338, and 15 U.S.C. § 1121.

2. This Court has personal jurisdiction over Defendants[2] because:

    a. The Court will be considering matters related to Defendants' registration of Fraudulent Entities[3] and addresses in this district and within New York state;

    b. The Defendants are operating the Counterfeit Websites[4] accessible and interactive to users in this district and within New York state; and

    c. Playboy's Complaint and moving papers demonstrate that Defendants undertook the unlawful counterfeiting scheme with knowledge that they would cause consumers and Playboy harm through the Counterfeit Websites accessible to

---

[2] Defined as Playboy Enterprises, Inc.; PLBY Group, Inc.; Junhan Huang, aka John Huang; Mountain Crest Acquisition Corp., Playboy Enterprises (Asia) Limited; Wong's Capital Holding Group Limited; Playboy (China) Brand Management Center; Playboy Tobacco Group Limited; Huahua Rabbit (Xiamen) Health Science and Technology Co., Ltd.; Haihan Fashion (Shanghai) Enterprises Development Co., Ltd., Bunnies Owner Group; Bunnygirl Certification Institute; Bunny Girl Foundation; Bunny Girl Union; Bunny Hunter LLC; International Model Certification Association; Playboy Enterprises International, Inc.; Pleasure International Corp.; Wong's Bank Group; Wong's Foundation; Wong's International Bank; Wong's Syndicate; World Future Leader University; World Industrial Capital Organization, Fu Manhua, Ming Cai, Lingling Zhang, John Fu, and E-Mode Limited.
[3] As defined in Playboy's Complaint to include the entities registered as Defendants herein.
[4] As defined as www.playboychinabrand.com, and www.playboygo.com.

consumers in New York as Playboy does business in New York and has done business in New York for dozens of years.

See Complaint ¶¶ 15-23; Brief I.S.O. Ex Parte Motion ("Brief"), pp 8-10.

3. Venue is proper in this judicial district in the Southern District of New York (see 28 U.S.C. § 1391) because:

   a. A substantial part of the conduct and the property at issue is located in this jurisdiction. Defendants' have registered Fraudulent Entities with addresses located in this judicial district in furtherance of their counterfeiting scheme.

   b. Additionally, the Complaint alleges facts to show that Defendants are subject to personal jurisdiction in this judicial district, and no other district appears more appropriately suited to resolve this dispute.

4. The Complaint pleads sufficient facts and states claims against Defendants for:

   a. Trademark counterfeiting, unfair competition, and false designation of origin, in violation of the Lanham Act, Sections 32 and 43(a) (15 U.S.C. §§ 1114, 1125(a) (Counts I and III);

   b. Copyright infringement, in violation of the Copyright Act (17 U.S.C. §§ 101 et seq.) (Count II); and

   c. Trademark infringement and unfair competition in violation of New York common law (Count IV).

**Preliminary Injunction Factors**

The Court finds that Playboy has established each of the factors required for a preliminary injunction: (1) likelihood of success on the merits; (2) irreparable harm; (3) the balance of hardships tips in Playboy's favor; and (4) a preliminary injunction serves the public

interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Seijas v. Republic of Argentina*, 352 Fed. App'x 519, 521 (2d Cir. 2009). Each factor is addressed below in turn.

### **Likelihood of Success on the Merits of Playboy's Claims in the Complaint**

5. Playboy is likely to succeed on the merits of these claims because Playboy has shown that:

    a. It owns the registered Playboy Marks[5] and associated common-law rights (Complaint ¶¶ 142-157, Ex. 4; Declaration of Jennifer McCarthy ("McCarthy Decl."), ¶¶ 12-30.

    b. Defendants' fraudulent scheme involves counterfeiting those exact trademarks for the exact online retail store services and goods as Playboy, thereby confusing customers (Compl. ¶¶ 163-94, Ex.7; McCarthy Decl. ¶¶ 12-30) (*See* 15 U.S.C. §§ 1114(1), 1125(a));

    c. Playboy owns the registered copyrights in the PLAYBOY© Copyrights[6] (Complaint ¶¶ 158-62, Ex. 5; McCarthy Decl. ¶¶ 63-67).

    d. In creating the Counterfeit Websites Defendants directly copied and infringed Playboy's copyrighted content, including but not limited to the PLAYBOY© Copyrights (Compl. ¶¶ 194-200, Ex. 8; McCarthy Decl.¶ 68-71) (*See* 17 U.S.C. § 106);

Playboy also has established a likelihood of success on the merits of its New York common law trademark infringement and unfair competition claims because the elements of

---

[5] Defined as the PLAYBOY® Trademarks, RABBIT HEAD DESIGN® Trademarks, BUNNY STORE® Trademark, PLBY® Trademark, and PLEASURE FOR ALL® Trademarks collectively, along with their common low rights, as defined in Playboy's Complaint.
[6] Defined as U.S. Copyright Registration Nos. VA 2-144-651, and VA 2-174-035.

those mirror the elements of Lanham Act trademark infringement and unfair competition claims, and Playboy is likely to succeed on the merits of its Lanham Act claims. *Avon Prods. V. S.C. Johnson & Son*, 984 F. Supp. 768, 800 (S.D.N.Y. 1997); *Twentieth Century Fox Film Corp. v. Marvel Enters.*, 220 F. Supp. 2d 289 (S.D.N.Y. 2002); *Franklin v. X Gear 101, LLC*, 17 Civ. 6452 (GBD) (GWG) 2018 U.S. Dist. LEXIS 122658 (S.D.N.Y. July 23, 2018).

### Irreparable Harm

6. Playboy also has established that it will suffer immediate, irreparable harm if this Court denies Playboy's request for a preliminary injunction. Specifically, it has shown that it has a strong reputation and goodwill under the Playboy Marks (and other source identifiers), which was established due to Playboy's lengthy and (until now) exclusive use of those marks in connection with Playboy's authentic Website, goods and services. *See* McCarthy Decl. ¶¶ 91-100.

7. Defendants have exploited Playboy's reputation and goodwill, using it to trick the public, consumers, government agencies, and potential licensees into thinking that Defendants are affiliated with, or authorized by, Playboy when they are not.

8. Playboy has shown that consumers access Defendants' Counterfeit Websites and/or Counterfeit Domains[7] only because they think Defendants' Counterfeit Websites and/or Counterfeit Domains are Playboy-affiliated. If consumers come to think they cannot trust Playboy or Playboy's authentic Website because of Defendants' actions, then Playboy's reputation and goodwill will erode – that is the definition of irreparable harm. *See* McCarthy Decl. ¶ 91.

---

[7] As defined as www.playboy.com.hk, www.playboyint.com, and www.playboylicense.com.

9. Defendants' creation of multiple Fraudulent Entities using the Playboy Marks without authorization, Defendants' use of forged documents purporting to be executed by Playboy, and Defendants' creation of the Additional Domain[8] is likely to have lasting irreparable harm on Playboy's licensing business in the United States and overseas.

### Balance of the Hardships

10. Playboy also has shown that the balance of hardships tips in its favor.

11. Playboy has a protectable legal interest in protecting its reputation under the Playboy Marks, PLAYBOY© Copyrights, and other source identifiers.

12. By contrast, there is no evidence showing that Defendants have any protectable interest in counterfeiting those source identifiers to defraud Playboy out of the control over its intellectual property. *AW Licensing, LLC v. Bao*, No. 15-cv-1373, 2015 U.S. Dist. LEXIS 177101 (S.D.N.Y. April 2, 2015)

### Public Interest

13. Playboy also has shown that the public interest favors granting a preliminary injunction. The public has a strong interest in being protected from confusion in general. But the public has an even stronger interest in being protected from illegal phishing schemes, namely, being manipulated through trademark counterfeiting into believing that they are doing business with Playboy, when they are not.

### Good Cause for Alternative Service

14. The Court finds that good cause continues to exist to grant alternative service of the filings in this matter via email and/or overnight courier because Playboy establishes that traditional service methods would be futile. (*see* Hood Decl. ¶ 4-68; McCarthy Decl. ¶ 57 (the

---

[8] As defined as www.papaintl.com.

addresses displayed in connection with the Fraudulent Entities are not real, but fabricated addresses relating to residential locations in order to give the Fraudulent Entities, Counterfeit Websites, Counterfeit Domains, and Additional Domain the appearance of legitimacy)). Email service is most likely to give Defendants' notice of the lawsuit.

**I.      PRELIMINARY INJUNCTION**

IT IS HEREBY ORDERED, that Defendants, their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise ("Restrained Parties"), are restrained and enjoined, pending the final hearing and determination of this action, from anywhere in the world:

1. Using or counterfeiting the Playboy Marks, the PLAYBOY© Copyrights, and/or associated common law rights, or any confusingly similar marks, reproduction, counterfeit copies, or spurious imitations thereof, on or in connection with the offering of any goods and/or services, licensing services, websites, or social media, including but not limited to, owning or operating the Counterfeit Websites, Additional Domain and/or Counterfeit Domains;

2. Using or counterfeiting the Playboy Marks and/or PLAYBOY© Copyrights, or any confusingly similar marks, on or in connection with the Fraudulent Entities or the legal name or dba of any entity;

3. Operating any other website, licensing business or other business, entity, or store that purports to originate from Playboy, or to be sponsored or licensed by, or affiliated with Playboy or Playboy's authentic Website, or contains any portion of the Playboy Marks within its name or d.b.a., when it is not;

4. Forging, creating, circulating, or otherwise using any documents or materials purporting

   to be executed by Playboy, or any of its affiliated entities, including but not limited to forging signatures, seals, or other documents;

5. Registering, owning, or using any domain name that consists of any of the Playboy Marks, or includes "Playboy" in the domain portion of the domain name and is using in connection with the Playboy Marks, PLAYBOY© Copyrights, and/or any other Playboy source identifier, or that is confusingly similar thereto, or that is calculated to confuse consumers into thinking that the website(s) accessible via the domain name(s) originate with/from Playboy, or is sponsored or licensed by, or affiliated with, Playboy or Playboy's authentic Website, when it is/they are not;

6. Registering, owning, or using any entity whose name or dba consists of the Playboy Marks, or includes "Playboy", or that is confusingly similar to any of the Playboy Marks, or that is calculated to confuse consumers into believing that Defendants are Playboy, affiliated with Playboy, or sponsored by Playboy, when they are not;

7. Using in connection with Defendants' activities, goods, or services (or purported goods or services) any false or deceptive designations, representations, or descriptions of Defendants or their activities, goods, or services (or purported goods or services), whether by symbols, words, designs, statements, photographs, or other devices, which would damage or injure Playboy or its customers, or which would give Defendants an unfair competitive advantage or result in consumer deception;

8. Committing other acts calculated to cause consumers to believe that Defendants' domain names, websites, web content, goods/or services are offered under the authorization, sponsorship, supervision, or control of Playboy, or otherwise are connected with Playboy, or Playboy's authentic Website, when they are not;

9. Further infringing the Playboy Marks; PLAYBOY© Copyrights, and/or any other Playboy source identifier, or damaging any associated goodwill;

10. Stealing Playboy's customer's or potential customer's, licensees, or potential licensees.

11. Misappropriating that which rightfully belongs to Playboy, its customers or potential customers, or in which Playboy or its customers or potential customers have a proprietary interest;

12. Using, linking to, transferring, selling, exercising control over, or otherwise owning or accessing the Counterfeit Websites, Counterfeit Domains, and Additional Domain.

13. Using, linking to, transferring, selling, exercising control over, or otherwise owning or using the Fraudulent Entities; and

14. Using, transferring, exercising control over, or otherwise accessing any accounts used in the transfer of money or electronic currency, or in the processing of card-based transactions associated with the Counterfeit Websites, Counterfeit Domains, Additional Domain or Fraudulent Entities, as a means to further their fraudulent counterfeiting scheme.

Upon service as provided for in this Order, the Defendants, and other Restrained Parties, shall be deemed to have actual notice of the issuance and terms of the Preliminary Injunction, and any act by any of the Restrained Parties in violation of any of the terms of the Preliminary Injunction may be considered and prosecuted as contempt of Court.

## Security for Preliminary Injunction

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65, the bond posted on behalf of Playboy in connection with the temporary restraining order issued by the Court [Dkt. 20] shall be converted to security for this preliminary injunction order.

II. **ASSET FREEZE AND SEIZURE CONFIRMATION**

**IT IS FURTHER ORDERED** that as the findings of fact and conclusions of law supporting the January 29, 2021 *Ex Parte* Order entered by the Court are still in effect and are confirmed for the reasons set forth in the Court's January 29, 2021 order and are incorporated into this Order. The Court herby releases the security posted by Playboy in connection with the Court's Seizure Order in the amount of $15,000 [Dkt. 19]. The access of each Defendant and any Restrained Party to any of the Fraudulent Entities, Counterfeit Websites, Additional Domain, or Counterfeit Domains, shall remain frozen, making them inaccessible and non-transferrable pending further order of this Court.

III. **ORDER CONTINUING TO PERMIT ALTERNATIVE SERVICE**

**IT IS FURTHER ORDERED THAT, as** good cause for alternative service continues to exist in this case, Playboy may serve the filings in this case upon all Defendants by email and/or other electronic means, and/or by overnight courier, using the identifying information set forth in Attachment 1 to the Hood Declaration, and Defendants' physical addresses to the degree necessary to ensure and effectuate service.

**SO ORDERED**, this ___13___ day of _August_ 2021

_____
Victor Marrero
U.S.D.J.