## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | : | |
| PLAYBOY ENTERPRISES INTERNATIONAL, INC., | : | |
| | : | 21-cv-6419 (AS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **JUDGMENT AND ORDER** |
| | | **GRANTING PLAINTIFF'S** |
| PLAYBOY ENTERPRISES, INC.; PLBY | : | **MOTION FOR DEFAULT** |
| GROUP, INC.; JUNHAN HUANG, AKA JOHN | | **JUDGMENT AND** |
| HUANG; MOUNTAIN CREST ACQUISITION | : | **RELATED RELIEF** |
| CORP.; PLAYBOY ENTERPRISES (ASIA) | | |
| LIMITED; WONG'S CAPITAL HOLDING | : | |
| GROUP LIMITED; PLAYBOY (CHINA) | | |
| BRAND MANAGEMENT CENTER; | : | |
| PLAYBOY TOBACCO GROUP LIMITED; | | |
| HUAHUA RABBIT (XIAMEN) HEALTH | : | |
| SCIENCE AND TECHNOLOGY CO., LTD; | | |
| HAIHAN FASHION (SHANGHAI) | | |
| ENTERPRISES DEVELOPMENT CO., LTD.; | | |
| BUNNIES OWNER GROUP; BUNNYGIRL | | |
| CERTIFICATION INSTITUTE; BUNNY GIRL | | |
| FOUNDATION, BUNNY GIRL UNION; | | |
| BUNNY HUNTER, LLC; INTERNATIONAL | | |
| MODEL CERTIFICATION ASSOCIATION; | | |
| PLAYBOY ENTERPRISES | | |
| INTERNATIONAL, INC.; PLEASURE | | |
| INTERNATIONAL, CORP.; WONG'S BANK | | |
| GROUP; WONG'S FOUNDATION; WONG'S | | |
| INTERNATIONAL BANK; WONG'S | | |
| SYNDICATE; WORLD FUTURE LEADER | | |
| UNIVERSITY; WORLD INDUSTRIAL | | |
| CAPITAL ORGANIZATION; FU MANHUA; | | |
| MING CAI; LINGLING ZHANG; JOHN FU; | | |
| E-MODE LIMITED; HUASE SPACE | | |
| (FUJIAN) BRAND MANAGEMENT CO., | | |
| LTD.; KING WONG; KAI MING LAI; | | |
| FLOWER COLOR SPACE (FUJIAN) BRAND | | |
| MANAGEMENT COMPANY LTD.; and | | |

FANCY SPACE (FUJIAN) BRAND
MANAGEMENT CO. LTD.

                                        Defendants.

_____

This matter having come before the Court on Plaintiff Playboy Enterprises International,

Inc.'s ("Playboy") Motion for Default Judgment and Related Relief, under Federal Rules of Civil

Procedure 55 and 65; and this Court having reviewed the papers and proceedings in support of

that Motion, including Playboy's Amended Complaint, Memorandum of Law in support of the

Motion, and the Declarations of Jennifer McCarthy and Maria R. Sinatra, along with

accompanying exhibits; and this Court being fully satisfied that the Defendants[1] were properly

served with summonses, the Amended Complaint, Dkt. 25, and all other pertinent papers and

proceedings in this action, and failed to respond as required under Federal Rule of Civil

Procedure 12; and good cause being shown therefor;

**THE COURT HEREBY FINDS THAT**:

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction over Playboy's claims under 28 U.S.C. §§ 1331

_____

[1] Defined as Playboy Enterprises, Inc.; PLBY Group, Inc.; Junhan Huang, aka John Huang;
Mountain Crest Acquisition Corp., Playboy Enterprises (Asia) Limited; Wong's Capital Holding
Group Limited; Playboy (China) Brand Management Center; Playboy Tobacco Group Limited;
Huahua Rabbit (Xiamen) Health Science and Technology Co., Ltd.; Haihan Fashion (Shanghai)
Enterprises Development Co., Ltd., Bunnies Owner Group; Bunnygirl Certification Institute; Bunny
Girl Foundation; Bunny Girl Union; Bunny Hunter LLC; International Model Certification
Association; Playboy Enterprises International, Inc.; Pleasure International Corp.; Wong's Bank
Group; Wong's Foundation; Wong's International Bank; Wong's Syndicate; World Future Leader
University; World Industrial Capital Organization, Fu Manhua, Ming Cai, Lingling Zhang, John Fu,
E-Mode Limited, HuaSe Space (Fujian) Brand Management Co., Ltd., King Wong, Kai Ming LAI,
Flower Color Space (Fujian) Brand Management Company Ltd., and Fancy Space (Fujian) Brand
Management Co. Ltd.

& 1338, and 15 U.S.C. § 1121. *See* Amended Complaint ¶¶ 15-17.

2. This Court has personal jurisdiction over the Defendants because:

    a.   each Defendant has had continuous, systematic, and substantial contacts within New York, including doing business in New York and targeting consumers in New York, causing harm to Playboy's business within this Judicial District, and registering some of the Fraudulent Entities[2] with the New York Secretary of State;

    b.   The Defendants have created the Counterfeit Websites, which is accessible to consumers in New York and bears unauthorized copies of Playboy's registered trademarks and copyrighted content. Each Defendant has targeted New York consumers by operating a fully interactive online website that is viewable by New York consumers;

    c.   Defendants have sold services through the Counterfeit Websites to consumers within the United States, including upon information and belief to consumers within New York;

    d.   the Defendants are not independently managed, but are a group of interrelated entities that share common and identical ownership through Defendant Junhan Huang. Upon information and belief, the Defendants are financially dependent upon one another as they were created for the purpose of a single counterfeiting

---

[2] Defined as Defendants Playboy Enterprises, Inc., PLBY Group, Inc., Bunnies Owner Group, Bunnygirl Certification Institute, Bunny Girl Foundation, Bunny Girl Union, Bunny Hunter LLC, International Model Certification Association, Mountain Crest Acquisition Corp., Playboy Enterprises International, Inc., Pleasure International Corp., Wong's Bank Group, Wong's Foundation, Wong's International Bank, Wong's Syndicate, World Future Leader University, and World Industrial Capital Organization.

scheme. Upon information and belief, the Defendants do not maintain

independent corporate boards from one another, share email addresses, and

market each other collectively through the use of forged documents; and

e.  Defendants have registered Fraudulent Entities in the state of New York, availing

themselves of the privilege of conducting business in New York, and have

utilized instrumentalities located in New York and physical addresses located in

this Judicial District to carry out the infringing and fraudulent acts of which

Playboy complains.

*See* Amended Complaint ¶¶ 18-22; Memorandum of Law in Support of Default Judgment

("Memo of Law"), at 2-3.

3.  Venue is proper in this judicial district under 28 U.S.C. § 1391 because:

a.  A substantial part of the events or omissions giving rise to Playboy's claims has

occurred in this Judicial District because Defendants have registered some of the

Fraudulent Entities in the State of New York with the New York Secretary of

State utilizing addresses within this Judicial District, and because a substantial

part of the harm caused by Defendants has occurred in this Judicial District.

Through the Defendants' Fraudulent Entities with addresses listed in this Judicial

District, Defendants have been able to perpetuate the acts complained of herein.

*See* Amended Complaint ¶ 23.

2.  The Complaint pleads sufficient facts and states claims against Defendants for:

a.  Trademark counterfeiting, unfair competition, and false designation of origin, in

violation of the Lanham Act, Sections 32 and 43(a) (15 U.S.C. §§ 1114, 1125(a)

(Counts I and III) (Memo of Law at 12-15);

      b.   Copyright infringement in violation of the Copyright Act (17 U.S.C. § 101 et seq.) (Count II) (Memo of Law at 14-15); and

      c.   Trademark infringement and unfair competition in violation of New York common law (Count IV) (Memo of Law at 13-14).

3.   The Court finds that Playboy has provided sufficient facts demonstrating that Defendants' conduct in this action was undertaken willfully, particularly in light of the multiple forged documents created by the Defendants in an effort to appear that they are Playboy, or are authorized to act on behalf of Playboy when they are not (Amended Complaint ¶¶ 182-266; Memo of Law at 15-16).

4.   The Court finds that Playboy's request for trademark statutory damages in its Motion is reasonable, particularly as to Defendants' willful infringement and the amount of Plaintiff's actual lost revenue that can be attributed to Defendants' infringing conduct, within the Court's discretion, and permitted under the Lanham Act. *See* 15 U.S.C. § 1117(c); Jennifer McCarthy Declaration executed August 16, 2023 ("McCarthy Decl") ¶¶ 17-23. The Court further finds that statutory damages in this case in the amount requested by Playboy is warranted to deter the Defendants and others from engaging in similar online counterfeiting schemes.

5.   The Court further finds that Playboy's request for copyright infringement statutory damages in its Motion is reasonable, again due to Defendants' willful infringement. The amount of damages per copyright registration is under the threshold permitted by the Copyright Act and warranted due to the egregious nature of Defendants' counterfeiting scheme. *See* 17 U.S.C. § 504; Jennifer McCarthy Declaration ¶ 12 (a)-(q).

6.  The Court finds that Playboy has established each of the factors required for a permanent

injunction, namely (1) Playboy has shown it is entitled to injunctive relief under the

Lanham Act and Copyright Act, and (2) Playboy has met the prerequisites for issuance of

an injunction showing actual success on the merits of its claims and irreparable harm. 15

U.S.C. § 1116; 17 U.S.C. § 502; *Pitbull Prods., Inc. v. Universal Netmedia, Inc.*, No. 07-

cv-1784, 2007 WL 3287368, at *5 (S.D.N.Y. Nov. 7, 2007) (internal quotation omitted);

*see also Gucci Am., Inc. v. Tyrrell-Miller*, 678 F. Supp. 2d 117, 120 (S.D.N.Y. 2008) (quoting

*Gucci Am., Inc. v. Duty Free Apparel, Inc.*, 286 F. Supp. 284, 290 (S.D.N.Y. 2003)).  Upon

the Court's request, counsel for Plaintiff also submitted a letter justifying the particular relief

in the permanent injunction, with relevant authority. Dkt. 72. Though dissolution is strong

medicine, it is reasonable when the entities' very names and reasons for being are infringing.

**IT IS HEREBY ORDERED** that:

1.  Playboy's Motion for Default Judgment and Related Relief is **GRANTED**;

2.  Under Federal Rule of Civil Procedure 55(b)(2), default judgment is hereby entered

against each Defendant for each and all of the Counts alleged in Playboy's Amended

Complaint, namely:

   a.  Trademark Counterfeiting, in violation of Section 32 of the Lanham Act (15

   U.S.C. § 1114) ("Count 1");

   b.  Copyright Infringement, in violation of (17 U.S.C. § 101 et seq.) ("Count 2")

   c.  Trademark infringement, false designation of origin, and unfair competition, in

   violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) ("Count 3");

   and

   d.  Trademark infringement and unfair competition, in violation of New York

   common law ("Count 4")

3.  The foregoing violations of Playboy's rights, and federal and state law, were willful;

4. Under the Lanham Act, 15 U.S.C. § 1117(c), Playboy is entitled to statutory damages of $100,000 per registered trademark, for a total trademark damages award of $2,500,000 jointly and severally against the Defendants.

5. Under the Copyright Act, 17 U.S.C. § 504, Playboy is entitled to statutory damages of $30,000 per registered copyright, for a total copyright damages award of $60,000 jointly and severally against the Defendants.

6. Under Federal Rule of Civil Procedure 65, each Defendant, and its officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, including but not limited to the Xiaotusky Associates[3], who receive actual notice of this Order by personal service or otherwise ("Restrained Parties"), are hereby permanently enjoined and restrained from, directly or indirectly, anywhere in the world:

   a. Using or counterfeiting the Playboy Marks[4], the PLAYBOY© Copyrights[5], and/or associated common law rights, or any confusingly similar marks, reproduction, counterfeit copies, or spurious imitations thereof, on or in connection with the offering of any goods and/or services, licensing services,

---

[3] Defined as Xiaotusky (Shenzhen) Biological Technology Co., Ltd. Shenzhen Zhuoran Intellectual Property Agency Co., Ltd.; Lin Da Rong; Xiaotusky (Guangzhou) Enterprise Development Co., Ltd; Fu Limei; Rabbit Grandpa (Hainan ) Brand Management Co., Ltd; Chen Jian; Xiaotusky (Shenzhen) Biotechnology Co., Ltd. ("Xiaotusky Biotechnology"); Xiaotusky (Shenzhen) Trading Company Ltd. ("Xiaotusky Trading"); Xiaotusky (Shenzhen) Brand Management Co., Ltd. ("Xiaotusky Brand"); and Huahua Rabbit (Hangzhou) E-commerce Co., Ltd.

[4] Defined as the PLAYBOY® Trademarks, RABBIT HEAD DESIGN® Trademarks, BUNNY STORE® Trademark, PLBY® Trademark, and PLEASURE FOR ALL® Trademarks collectively, along with their common low rights, as defined in Playboy's Amended Complaint.

[5] Defined as U.S. Copyright Registration Nos. VA 2-144-651, and VA 2-174-035.

websites, or social media, including but not limited to, owning or operating the Counterfeit Websites[6], Additional Domain[7] and/or Counterfeit Domains[8];

b.  Using or counterfeiting the Playboy Marks and/or PLAYBOY© Copyrights, or any confusingly similar marks, on or in connection with the Fraudulent Entities or the legal name or dba of any entity;

c.  Operating any other website, licensing business or other business, entity, or store that purports to originate from Playboy, or to be sponsored or licensed by, or affiliated with Playboy or Playboy's authentic Website (www.playboy.com), or contains any portion of the Playboy Marks within its name or d.b.a., when it is not;

d.  Forging, creating, circulating, or otherwise using any documents or materials purporting to be executed by Playboy, or any of its affiliated entities, including but not limited to forging signatures, seals, or other documents, including but not limited to the Invalid Notarizations, and any other documents purporting to be notarized by Ms. Olivia Liu on behalf of Defendant King Wong and/or Playboy Enterprises International, Inc.;

e.  Filing any document with any organization, including but not limited to U.S. domestic government agencies, and/or foreign governments or governmental agencies, purporting to be on behalf of Playboy, including but not limited to filing

---

[6] Defined as www.playboychinabrand.com, and www.playboygo.com.

[7] Defined as http://www.papaintl.com/.

[8] Defined as www.playboy.com.hk, www.playboyint.com, and www.playboylicense.com.

any documents with the China National Intellectual Property Administration purporting to be on behalf of Playboy Enterprises International, Inc. or any purported licensee;

f.  Forging, creating, circulating, or otherwise using any documents or materials purporting to be issued by any U.S. domestic government agencies, and/or foreign governments or governmental agencies in connection with Playboy and its business, including but not limited to trademark registration certificates, or copyright registration certificates;

g.  Registering, owning, or using any domain name that consists of any of the Playboy Marks, or includes "Playboy" in the domain portion of the domain name and is using in connection with the Playboy Marks, PLAYBOY© Copyrights, and/or any other Playboy source identifier, or that is confusingly similar thereto, or that is calculated to confuse consumers into thinking that the website(s) accessible via the domain name(s) originate with/from Playboy, or is sponsored or licensed by, or affiliated with, Playboy or Playboy's authentic Website, when it is/they are not;

h.  Registering, owning, or using any entity whose name or dba consists of the Playboy Marks, or includes "Playboy", or that is confusingly similar to any of the Playboy Marks, or that is calculated to confuse consumers into believing that Defendants are Playboy, affiliated with Playboy, or sponsored by Playboy, when they are not;

i.  Using in connection with Defendants' activities, goods, or services (or purported goods or services) any false or deceptive designations, representations, or

descriptions of Defendants or their activities, goods, or services (or purported goods or services), whether by symbols, words, designs, statements, photographs, or other devices, which would damage or injure Playboy or its customers, or which would give Defendants an unfair competitive advantage or result in consumer deception;

j.   Committing other acts calculated to cause consumers to believe that Defendants' domain names, websites, web content, goods/or services are offered under the authorization, sponsorship, supervision, or control of Playboy, or otherwise are connected with Playboy, or Playboy's authentic Website, when they are not;

k.   Further infringing the Playboy Marks; PLAYBOY© Copyrights, and/or any other Playboy source identifier, or damaging any associated goodwill;

l.   Stealing Playboy's customer's or potential customer's, licensees, or potential licensees;

m.   Misappropriating that which rightfully belongs to Playboy, its customers or potential customers, or in which Playboy or its customers or potential customers have a proprietary interest;

n.   Using, linking to, transferring, selling, exercising control over, or otherwise owning or accessing the Counterfeit Websites, Counterfeit Domains, and Additional Domain;

o.   Using, linking to, transferring, selling, exercising control over, or otherwise owning or using the Fraudulent Entities;

p.   Using, transferring, exercising control over, or otherwise accessing any accounts used in the transfer of money or electronic currency, or in the processing of card-

based transactions associated with the Counterfeit Websites, Counterfeit

Domains, Additional Domain or Fraudulent Entities, as a means to further their

fraudulent counterfeiting scheme.

Upon service of this Order, the Defendants, and other Restrained Parties shall be deemed to have actual notice of the issuance and terms of the permanent injunction, and any act by any of the Restrained Parties in violation of any of the terms of the permanent injunction may be considered and prosecuted as contempt of Court, and such other, further relief this Court deems just and proper. **Within 14 days of entry of this Order, the Defendants shall file for dissolution of the Fraudulent Entities (as depicted within Exhibit A) with each of the entities' respective states of formation and provide evidence of the same to the Court and to the Plaintiff.** Should the Defendants fail to file for dissolution and provide evidence thereof, the Plaintiff may move the Court for specific performance under Federal Rule of Civil Procedure 70, and any further relief the Court deems just and proper.

In the event Playboy identifies additional counterfeit websites, domains, or fraudulent entities in connection with Defendants' counterfeiting scheme, Playboy may move the Court for an order modifying this injunction as appropriate. To the extent the Defendants attempt to use confusingly similar variations of the Counterfeit Websites, Counterfeit Domains, or Additional Domain with URLs that incorporate the Playboy Marks, Playboy may serve this Order on the website registrars and/or other third parties responsible for services involved with keeping the websites online, in order to freeze and/or make the websites and any confusingly similar variations of the Counterfeit Websites, Counterfeit Domains, and/or Additional Domain frozen and inaccessible to the Defendants.

**IT IS FURTHER ORDERED** that Court hereby releases the security posted by Playboy in the amount of $15,000 that was posted in connection with the temporary restraining order and preliminary injunction order. *See* ECF 41.

**IT IS FURTHER ORDERED THAT,** as good cause for alternative service continues to exist in this case, Playboy may serve the filings in this case upon all Defendants by email and/or other electronic means, and/or by overnight courier, using the identifying information emails set forth in **Exhibit B,** and/or Defendants' purported physical addresses to the degree necessary to ensure and effectuate service.

**SO ORDERED**

Dated: September 29, 2023

Honorable Arun Subramanian
United States District Judge

# EXHIBIT A

| Company Name | Incorporator | State | Incorporation Date | Claimed Mailing/Service Address |
|---|---|---|---|---|
| Playboy Enterprises, Inc. | Junhan Huang | New York | March 3, 2020 | 316 W. 95th St. New York, NY 10025 |
| PLBY Group, Inc. | Junhan Huang | New York | February 25, 2021 | 511 W. 134th St. New York, NY 10031 |
| Bunnies Owner Group | Junhan Huang | California | April 5, 2021 | 3140 Blanchard St. Los Angeles, CA 90063 |
| Bunnygirl Certification Institute | Junhan Huang | Colorado | March 18, 2021 | 2225 Emerson St. Denver, CO 80205 |
| Bunny Girl Foundation | Junhan Huang | Colorado | May 5, 2021 | 3230 Walnut St. Denver, CO 80205 |
| Bunny Girl Union | Junhan Huang | California | January 19, 2021 | 1620 Waterloo St. Los Angeles, CA 09926 |
| Bunny Hunter LLC | Junhan Huang | New York | May 5, 2021 | 446 W 58th St. New York, NY 10019 |
| International Model Cert. Assoc. | Junhan Huang | California | January 18, 2021 | 811 Fedora St. Los Angeles, CA 90005 |
| Mountain Crest Acquisition Corp. | Junhan Huang | New York | January 19, 2021 | 529 W 150th New York, NY 10031 |
| Playboy Enterprises International Inc | Junhan Huang | Georgia | December 11, 2020 | 115 Broad St. Sw Atlanta, GA 30303 |
| Pleasure International Corp. | Junhan Huang | New York | November 5, 2020 | 127 Post Ave New York, NY 10034 |
| Wong's Bank Group | Junhan Huang | Colorado | May 5, 2021 | 2747 Arapahoe St Denver, CO 80205 |
| Wong's Foundation | Junhan Huang | Colorado | May 4, 2021 | 2049 Emerson St Denver, CO 80205 |
| Wong's International Bank | Junhan Huang | Colorado | April 14, 2021 | 2512 California St Denver, CO 80205 |
| Wong's Syndicate | Junhan Huang | Delaware | January 21, 2021 | 1025 Kirkwood St. Wilmington, DE 19801 |
| World Future Leader University | Junhan Huang | Colorado | May 4, 2021 | 861 Galapago St Denver, CO 80204 |

| Company Name | Incorporator | State | Incorporation Date | Claimed Mailing/Service Address |
|---|---|---|---|---|
| World Industrial Capital Organization | Junhan Huang | Colorado | September 24, 2018 | 5030 Boardwalk Drive Suite 818 Colorado Springs, CO 80919<br><br>37-12 Prince St. Unit 8C Flushing, NY 11354 |

# EXHIBIT B

1. business@playboy.com.hk

2. info@playboy.com.hk

3. info@playboylicense.com

4. licensing@playboyint.com

5. china@playboylicense.com

6. reena@playboylicense.com

7. john@playboy.com.hk

8. joanna@playboy.com.hk

9. David.zhang@besto.vip

10. support@playboygo.com

11. info@papa-int.com

12. king.w198511@gmail.com

13. huodoo@gmail.com

14. akosikey247@gmail.com